# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**FILED**

March 16, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**In Re: C.L., J.C., J.C., M.H., & O.H.**

**No. 14-0763** (Webster County 13-JA-31, 13-JA-32, 13-JA-33, 13-JA-47, & 13-JA-48)

## MEMORANDUM DECISION

Petitioner Mother, by counsel Christopher G. Moffat, appeals the Circuit Court of Webster County's June 11, 2014, order terminating her parental rights to C.L., J.C.-1, J.C.-2, M.H., and O.H.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed its response in support of the circuit court's order and a supplemental appendix. The guardian ad litem, Michael W. Asbury Jr., filed a response on behalf of the children supporting the circuit court's order. On appeal, petitioner alleges that the circuit court erred in terminating her parental rights because it considered irrelevant evidence and in denying post-termination visitation.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2013, the DHHR filed an abuse and neglect petition against the parents, which it later amended. The petitions contained allegations that the children lived in unclean conditions and that petitioner, though aware of the conditions, failed to take any action to protect them. At the time the initial petition was filed, the children resided in the maternal grandparents' home. The petitions were based on evidence from caseworkers who observed the home to be "extremely dirty," with an overwhelming odor of rotten garbage, rotten food, and body odor. At the time, petitioner's live-in boyfriend, D.D., who is also the biological father of M.H. and O.H., had previously had his parental rights to at least one older child terminated.

Following an adjudicatory hearing in June of 2013, petitioner was granted a post-adjudicatory improvement period in August of 2013. The terms of the improvement period required petitioner to remain drug and alcohol free; submit to random drug testing; obtain and maintain a suitable home within sixty days; not reside with D.D., allow him in the home, or otherwise allow him to contact any of the children; and complete parenting classes. Approximately two months later, the DHHR filed a motion to revoke petitioner's improvement

---

[1]Because two children share the same initials, the Court will refer to the children as J.C.-1 and J.C.-2 throughout the memorandum decision.

period and terminate her parental rights. The DHHR based the motion on petitioner's failure to cooperate with parenting classes and allowing her children to be unsupervised near D.D. According to a service provider, petitioner admitted she was asleep and allowed two of the children, six-year-olds M.H. and O.H., to roam unsupervised along a road near D.D.'s residence. When service providers arrived, the children were located in the paternal grandparents' home where D.D. was also present. The children advised a service provider that they had seen D.D. that day and that he had been at their house at night.

In January of 2014, the circuit court held a dispositional hearing, during which it was determined that petitioner lived across the street from D.D. and that the two were seen together in the days prior to the hearing. Service providers also testified that D.D.'s father threatened them and warned them not to return to his property or petitioner's property. The circuit court held a dispositional ruling in abeyance and ordered petitioner and D.D. to individually find their own separate residences away from D.D.'s parents' property. The circuit court ordered petitioner to find a suitable residence by February 3, 2014. However, during a status hearing on February 3, 2014, petitioner indicated that she had not moved out of her residence. Subsequently, the DHHR renewed its motion for termination of petitioner's parental rights.

The circuit court held a second dispositional hearing in May of 2014, during which petitioner testified that she continued to live in the same residence and that D.D. continued to reside across the street. Petitioner also testified regarding an injury for which she was prescribed hydrocodone. However, petitioner failed to notify the DHHR about the prescription and later refused to sign a medical release for the DHHR to verify the same. Petitioner further testified that her dog ate all the medication. According to petitioner, she refused at least two drug screens and stopped participating with screens altogether after February of 2014 because the DHHR suspended visitations with her children. Petitioner also admitted to not participating in parenting classes and having continued contact with D.D. The circuit court thereafter terminated petitioner's parental rights. It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court's termination of petitioner's parental rights or in failing to award petitioner post-termination visitation.

On appeal, petitioner alleges that the circuit court erred in terminating her parental rights because it considered evidence regarding issues that were not alleged in the abuse and neglect petition or in the DHHR's motion to terminate petitioner's parental rights. Specifically, petitioner alleges that both the abuse and neglect petition and the motion to terminate alleged that she failed to protect the children, while the dispositional hearing included evidence concerning irrelevant issues such as failure to obtain employment, failure to obtain suitable housing, failure to participate in services, and alleged drug abuse. Upon our review, the Court finds no error in this regard because petitioner's argument lacks merit. The record is clear that the terms of petitioner's improvement period required her to remain drug and alcohol free, submit to random drug testing, obtain and maintain a suitable home, and complete parenting classes, among other requirements. As such, evidence of petitioner's failures to comply with these terms was clearly relevant, the basis for the underlying petition and the DHHR's motion to terminate notwithstanding.

Moreover, the evidence of which petitioner complains clearly illustrates her failure to comply with the terms of her improvement period. Petitioner admitted to willfully refusing to comply with services, including her decision to cease compliance with parenting classes and drug screens. Pursuant to West Virginia Code § 49-6-5(b)(3), a situation in which there is no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected includes one in which

> [t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare or life of the child[.]

In addition to her failure to comply with drug screens and parenting education, petitioner also failed to provide the children with a suitable home, a condition that formed the basis of the DHHR's initial allegation that she failed to protect the children by allowing them to live in uninhabitable conditions at their maternal grandparents' home. Moreover, despite petitioner's testimony to the contrary, substantial evidence indicated that petitioner allowed the children contact with D.D. in direct violation of the circuit court's order. As such, it is clear that the evidence of which petitioner complains was relevant to establish her failure to comply with services below.

Additionally, while petitioner argues that the circuit court erred in failing to impose the least restrictive dispositional alternative, this same evidence supports termination of petitioner's parental rights. As noted above, the circuit court found that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future, and further found that termination of her parental rights was in the children's best interests.

Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to termination parental rights upon such findings. We have also held as follows:

> "Termination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W. Va.Code, 49–6–5 . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W. Va.Code, 49–6–5(b) . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011). For these reasons, we find no error in the circuit court terminating petitioner's parental rights.

Finally, the Court finds no error in the circuit court failing to award petitioner post-termination visitation. The Court notes that the circuit court's dispositional order is silent as to the issue of post-termination visitation. However, the Court finds that the circumstances of the case do not warrant post-termination visitation with petitioner. We have previously held that

> "[w]hen parental rights are terminated due to neglect or abuse, the circuit court may nevertheless in appropriate cases consider whether continued visitation or other contact with the abusing parent is in the best interest of the child. Among other things, the circuit court should consider whether a close emotional bond has been established between parent and child and the child's wishes, if he or she is of appropriate maturity to make such request. The evidence must indicate that such visitation or continued contact would not be detrimental to the child's well being and would be in the child's best interest." Syl. Pt. 5, *In re Christina L.*, 194 W.Va. 446, 460 S.E.2d 692 (1995).

Syl. Pt. 11, *In re Daniel D.* 211 W.Va. 79, 562 S.E.2d 147 (2002). While petitioner argues that she established that a strong bond existed between her and the children such that post-termination visitation was warranted, the Court disagrees. In fact, contradictory evidence established that three of the children, including the two oldest, specifically stated that they did not want continued visitation with petitioner. Simply put, petitioner failed to establish that continued visitation would be in the children's best interests, and the Court finds no error in the circuit court's failure to order post-termination visitation with petitioner.

For the foregoing reasons, we find no error in the decision of the circuit court and its June 11, 2014, order is hereby affirmed.

Affirmed.

**ISSUED**: March 16, 2015

**CONCURRED IN BY**:
Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II